# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT HEFFERNAN                                                                PETITIONER

v.                              NO. 5:12CV00065 SWW/HDY

RAY HOBBS, Director of the                                                      RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

Petitioner Robert Heffernan ("Heffernan") commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his 1981 conviction in Saline County, Arkansas, Circuit Court of capital murder, a conviction for which he received a sentence of life imprisonment without parole in the custody of respondent Ray Hobbs ("Hobbs").

The petition at bar is not Heffernan's first petition challenging his 1981 conviction. The record establishes that this petition is his sixth challenge to the conviction by means of a petition pursuant to 28 U.S.C. 2254. His five previous petitions were filed in the following cases: PB-C-84-320, PB-C-91-622, PB-C-93-419, PB-C-97-480, and 5:02CV00240. See Heffernan v. Norris, 5:02CV00240 SWW, Document 6 at 1. His most recent petition, i.e., 5:02CV00240, was dismissed by United States District Judge Susan Webber Wright because he failed to request and obtain the permission of the Court of Appeals before filing the petition. Judge Wright's dismissal of that petition was affirmed on appeal.

The filing of a second or successive 28 U.S.C. 2254 petition is governed by 28 U.S.C. 2244(b). It provides, in part, that "[b]efore a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Heffernan's petition is clearly a second or successive petition as he has previously

-3-

filed five petitions pursuant to 28 U.S.C. 2254 challenging his 1981 capital murder conviction. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission of the Court of Appeals is required before it can be considered by the district court. Has he obtained the permission of the Court of Appeals to file this petition? The undersigned has thoroughly reviewed the record, including having closely reviewed his petition, an accompanying addendum, and his reply to Hobbs' response. The undersigned can find nothing to suggest that Heffernan has requested and obtained the permission of the Court of Appeals to file the petition at bar. Because he has failed to do so, his petition should be dismissed.[1]

Accordingly, the undersigned recommends that Heffernan's petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs.

DATED this ___4___ day of April, 2012.

---

[1]  Three concluding points are in order. First, there are exceptions to the rule requiring the approval of the Court of Appeals before a second or successive petition may be filed, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when a prior petition is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Court Judge William R. Wilson, Jr., chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Heffernan's petition should not be treated likewise, primarily because he was previously notified of his obligation to request and obtain the permission of the Court of Appeals before filing his petition. See Heffernan v. Norris, 5:02CV00240, Document 9 at 1.

Last, the undersigned repeats Judge Wright's admonition to Heffernan that the Amendments to 28 U.S.C. 2254, signed into law on April 26, 1996, are available "in the unit law library or by contacting the Clerk, Eighth Circuit Court of Appeals, 511 U.S. Courts and Custom House, 1114 Market Street, St. Louis, MO, 63101 for more information." See Heffernan v. Norris, 5:02CV00240, Document 6 at 1.

_____
UNITED STATES MAGISTRATE JUDGE